CHRISTOPHER R.A. MORRAY-JONES (SB # 256726)
**LAW OFFICES OF C. MORRAY-JONES**
1611 Telegraph Avenue, Suite 910
Oakland, CA 94612
Telephone: (510) 444-0151
Facsimile: (510) 444-0150
Email: cm-j@m-jlaw.com

Attorney for Plaintiff JOSE BERMUDEZ


Zach Cowan, City Attorney, SBN 96372
Matthew J. Orebic, Deputy City Attorney, SBN 124491
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6998
Facsimile: (510) 981-6960
Morebic@ci.berkeley.ca.us

Attorneys for Defendants City of Berkeley, Former Officer Roderick Roe, Officer Matthew Meredith, and Former Chief Douglas Hambleton

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BERMUDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BERKELEY; OFFICER RODERICK ROE # 81 in his capacity as an individual; OFFICER JOHN JONES # 5 in his capacity as an individual; FORMER CHIEF OF POLICE DOUGLAS N. HAMBLETON in his official capacity and in his capacity as an individual; BERKELEY BOWL PRODUCE, INC.; TOSHA ANDERSON in her capacity as an individual; DAVID CRAIB in his capacity as an individual; and DOES 1-100,<br><br>    Defendants. | Case No.: C10-02893 CW<br><br>**STIPULATION AND PROTECTIVE ORDER** |

The above-captioned plaintiff and defendants, by and through their attorneys, hereby stipulate to, and respectfully ask the Court to issue, the following Protective Order:

## 1. DEFINITIONS

**1.1 Party:** any party to this action, including all of its elected and appointed officials, officers, employees, consultants, retained experts, and outside counsel, together with their support staff.

**1.2 Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained, and including, but not limited to, paper records and electronically stored data.

**1.3 "Confidential" Information or Items:** information, however generated, stored or maintained, and/or tangible things qualified for protection under standards developed pursuant to Fed. R. Civ. P. 26(c).

**1.4 Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**1.5 Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

**1.6 Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

**1.7 Challenging Party:** a party or non-party who challenges the designation of any Disclosure or Discovery Material as "Confidential."

**1.8 Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

**1.9 Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**1.10 House Counsel:** attorneys who are employees of a Party.

**1.11 Counsel (without qualifier):** Outside Counsel and House Counsel, and their support staffs.

**1.12 Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or consultant in this action, and who is not a past or a current employee of a Party and, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**1.13 Professional Vendors:** person or entities that provide litigation support services (e.g., photocopying: videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

## 2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

//

1  **4. DESIGNATING PROTECTED MATERIAL**

2      **4.1  F.R.Civ. P. 26(c).** The information sought to be protected must be properly qualified

3      for protection under Fed. R. Civ. P. 26(c). Counsel shall not designate any discovery

4      material "Confidential" without first making a good faith determination that such

5      protection is warranted.

6      **4.2  Anticipated Designations.** The Parties anticipate and intend that material

7      designated "Confidential" pursuant to this Order will include, but may not be limited

8      to:

9          (i) any information obtained from Defendant police officers' confidential

10      employee files, including records of internal investigations and/or disciplinary

11      proceedings conducted by, or under the auspices of, the City of Berkeley or any of

12      its agents; and

13          (ii) Plaintiff's mental health records.

14      **4.3  Timing of Designations.** Except as otherwise provided in this Order (see, e.g.,

15      second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered,

16      material that qualified for protection under the Order must be clearly so designated

17      before the material is disclosed or produced.

18      **4.4  Manner of Designations.** Designation in conformity with this Order requires:

19      **(a) for information in documentary form** (apart from transcripts of depositions

20      or other pretrial or trial proceedings), that the Producing Party affix the legend:

21      "CONFIDENTIAL" at the top of each page that contains protected material.

22      **(b) for testimony given in deposition or in other pretrial or trial**

23      **proceedings**, that the Party or non-party offering or sponsoring the testimony

24      identify it on the record as Confidential before the close of the deposition, hearing, or

other proceeding, or within the 30-day period allowed for review of a deposition record. Only those portions of the testimony that are appropriately designated for protection within the allowed period shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend: "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

**(c) for information produced in some form other than documentary, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend: "CONFIDENTIAL".

**4.5. Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

**5. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**5.1 Timing of Challenges.** Unless a proper challenge to a Designating Party's confidentially designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**5.2  Meet and Confer.** A Party who elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly via voice to voice dialogue with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and allow the Designating Party an opportunity to review the designated material and to withdraw, or explain the basis for, the designation. A Challenging Party must engage in the meet and confer process before requesting judicial intervention.

**5.3  Judicial Intervention**. A Party who elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Fed. R. Civ. P. 7(b) and Civil Local Rule 7, and in compliance with Civil Local Rule 79-5 if applicable, that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that the moving party has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party, who must state with specificity the proposed justification for the confidentiality designation.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**6.  ACCESS TO, AND USE OF, PROTECTED MATERIAL**

**6.1  Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Such Protected material may be disclosed only to the categories of persons described, and under the conditions specified, in this Order. When the litigation has terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner which ensures that access is limited to the persons authorized under this Order.

**6.2 Disclosure of "Confidential" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

(a)  the author of the document or the original source of the information;

(b)  employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by this Protective Order;

(c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by this Protective Order;

(d)  the Court, its personnel, and court reporters;

(e)  professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed an agreement to be bound by this Protective Order;

(f)  during their deposition, witnesses in the action to whom Disclosure is reasonably necessary and who have signed an agreement to be bound by this Protective Order. Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7. **MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party shall so notify the Designating Party in writing and provide the Designating Party with a copy of the subpoena or court order. The Receiving Party shall provide such notification expeditiously, via fax if possible, and in no event more than three days after receipt of the subpoena or court order.

The Receiving Party shall also promptly and in writing inform the Party who caused the subpoena or court order to issue that some or all the covered material is subject to this Protective Order, and shall expeditiously provide a copy of this Protective Order to that Party.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute an agreement to be bound by this Protective Order.

**9.  FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not place or file any Protected Material in the public record of this action. A Party seeking to file any Protected Material under seal must comply with Civil Local Rule 79-5. In addition to placing the documents in a sealed envelope with instructions that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify the title of the case, the case number, and the title of the document.

**10. FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead or returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must, within the sixty day deadline, submit a written certification to the Producing Party and, if not the same person or entity, the Designating Party which (i) identifies all the Protected Material that was returned or destroyed; and (ii) affirms that the Receiving Party

-9-

has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section 3 (DURATION), above.

**11. ADDITIONAL PARTIES TO THIS STIPULATION**

This Order shall apply equally to any Party to this litigation whose attorney agrees in writing to be bound hereby.

**12. RIGHT TO FURTHER RELIEF**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**13. JURISDICTION**

The Court shall retain jurisdiction over any matter covered by this Stipulation and Order for 24 months after the final termination of this action.

**IT IS SO STIPULATED.**

Dated: December 21, 2010        s/ Christopher R.A Morray-Jones
                                **CHRISTOPHER R.A. MORRAY-JONES**
                                Attorney for Plaintiff JOSE BERMUDEZ

Dated: December 22, 2010        s/ Matthew J. Orebic
                                **MATTHEW J. OREBIC**
                                Attorney for Defendants CITY OF BERKELEY;
                                FORMER OFFICER R. ROE; OFFICER M.B.
                                MEREDITH; and FORMER CHIEF OF POLICE
                                DOUGLAS N. HAMBLETON

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 1/14/2011          _____
                          **CLAUDIA WILKEN**
                          Judge, United States District Court